UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:09-CV-00267-BR

| | |
|---|---|
| ANDRE MITCHELL, ) | |
| CHRISTINE MITCHELL, ) | |
| Plaintiffs ) | |
| v. ) | ORDER |
| ) | |
| ) | |
| MARRIOTT INTERNATIONAL, INC., ) | |
| WACHOVIA CORPORATION, ) | |
| VISA U.S.A., INC., ) | |
| Defendants ) | |

This matter is before the court on defendant Marriott International, Inc.'s ("Marriott") motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Plaintiffs filed a response in opposition to the motion.

The case arises out of plaintiffs' 24 June 2006 wedding reception at the Courtyard by Marriott in Rocky Mount, North Carolina. According to plaintiffs, Marriott caused their bank account at defendant Wachovia Corporation to be debited $695.80 (via a debit card issued by defendant Visa U.S.A., Inc.), an amount over and above what was agreed upon in the contract between plaintiffs and Marriott. (Compl. ¶¶ 15, 20.) Plaintiffs disputed the charge with all defendants. (See id. ¶¶ 20, 21, 25.) Plaintiffs claim that Marriott altered the parties' written contract "to make it appear that the costs were made known to and agreed by Plaintiffs." (Id. ¶ 27.) Ultimately, the funds were not returned to plaintiffs. On 18 June 2009, plaintiffs filed the instant suit in this court, asserting state law claims for breach of contract, fraud, conversion, intentional infliction of emotional distress, and unfair trade practices against all defendants and a state law claim for defamation against Marriott. Plaintiffs seek compensatory, treble, and

punitive damages as well as attorneys fees.

Marriott argues that this court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000, as required for diversity jurisdiction. See 28 U.S.C. § 1332(a).

> [The court] begin[s] with the undergirding principle that federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations. Accordingly, a party seeking to adjudicate a matter in federal court must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter.

Strawn v. AT&T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008). Both sides agree that where the plaintiff has alleged the amount in controversy exceeds $75,000, the court has jurisdiction unless "it is apparent to a legal certainty that the plaintiff cannot recover the amount claimed." (Def.'s Mem. at 2 (citing Hart v. AAMCO Transmissions, Inc., No. 1:09CV311, 2009 WL 2490107, *2 (M.D.N.C. Aug. 12, 2009); Pls.' Mem. at 4 (citing McDonald Bros., Inc. v. Tinder Wholesale, Inc., 395 F. Supp. 2d 255, 262 (M.D.N.C. 2005).) "Unless the claim for an amount over the jurisdictional prerequisite is made in bad faith, or unless it is plain from the complaint that an amount less than the jurisdictional amount is all that is at issue, the district court has jurisdiction over the case." Shanaghan v. Cahill, 58 F.3d 106, 112 (4th Cir. 1995).

Plaintiffs rely significantly on their request for punitive damages and their fraud claim to meet the jurisdictional threshold. Marriott, on other hand, contends that plaintiffs cannot rely on punitive damages to reach the jurisdictional threshold because they have failed to state a claim for fraud. Accordingly, under Fed. R. Civ. P. 12(b)(6), the court must examine the legal sufficiency of plaintiffs' complaint, assuming the facts therein are true. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). "And the legal sufficiency of a complaint is

2

measured by whether it meets the standards for a pleading," including those stated in the general rule of pleading, Rule 8, and the rule for pleading special matters, Rule 9. Id.

> At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged– but it has not 'show[n]'– 'that the pleader is entitled to relief,'" as required by Rule 8.

Id. at 193 (citation omitted; alteration in original).

To sufficiently state a fraud claim, plaintiffs must allege facts to show the following elements: "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." Anderson v. Sara Lee Corp., 508 F.3d 181, 189 (4th Cir. 2007) (citation omitted). Pursuant to Rule 9(b), plaintiffs must plead fraud with particularity.

> [T]he "circumstances" required to be pled with particularity under Rule 9(b) are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." . . . The second sentence of Rule 9(b) allows conclusory allegations of defendant's knowledge as to the true facts and of defendant's intent to deceive. . . . A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts.

Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). "The Court notes, however, that '[w]hile facts constituting the fraud must be alleged with particularity, there is no requirement that any precise formula be followed or that any certain language be used.'" Mikels v. Unique Tool & Mfg. Co., No. 5:06CV32, 2007 WL 4284727, *14 (W.D.N.C. Dec. 3,

3

2007) (citation omitted; alteration in original).

In this case, reviewing the complaint as a whole, the court finds plaintiffs have sufficiently stated a claim for fraud. This allegedly fraudulent conduct will support an award of punitive damages. See N.C. Gen. Stat. § 1D-15(a) ("Punitive damages may be awarded only if the claimant proves that the defendant is liable for compensatory damages and that one of the following aggravating factors was present and was related to the injury for which compensatory damages were awarded:
(1) Fraud. . . ."). Although at this stage plaintiffs' damages appear minimal, the court cannot say to a legal certainty that plaintiffs cannot recover in excess of $75,000. Thus, the court finds that it possesses subject matter jurisdiction.

Alternatively Marriott argues that plaintiffs have failed to state claims for intentional or reckless infliction of emotional distress, unfair trade practices, and defamation. Plaintiffs concede that the applicable statute of limitations bar their defamation claim, (Pls.' Mem. at 12), and therefore, the court will dismiss it.

Under North Carolina law, to recover for intentional infliction of emotional distress, "a plaintiff must prove '(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress to another.'" Beck v. City of Durham, 573 S.E.2d 183, 190-91 (N.C. App. 2002) (quoting Dickens v. Puryear, 302 N.C. 437, 276 S.E.2d 325, 335 (N.C.1981)). At issue here is whether Marriott's alleged conduct is extreme and outrageous. Such conduct is defined "as '"conduct [which] exceeds all bounds usually tolerated by decent society."'" Id. at 191 (citation omitted) (alteration in original). "'It is a question of law for the court to determine, from the materials before it, whether the conduct complained of may

4

reasonably be found to be sufficiently outrageous as to permit recovery.'" Id. (citation omitted).

Here, according to plaintiffs, Marriott unilaterally altered their agreement, caused their bank account to be debited, and knowingly made and published false statements about plaintiffs. While Marriott's conduct, if true, was no doubt distressing to plaintiffs at a time which should have been filled with newlywed joy and bliss, that conduct simply does not rise to the level of extreme and outrageous conduct necessary to support a claim for intentional infliction of emotional distress, and the court will dismiss this claim.

Finally, the court turns to plaintiffs' unfair trade practices claim under N.C. Gen. Stat. § 75.1. To state such a claim, plaintiffs must allege facts showing "(1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." Ahmadi v. Triangle Rent A Car, Inc. 691 S.E.2d 101, 103 (N.C. App. 2010) (quotation omitted). Marriott's argument is somewhat confusing as it appears to have cut and pasted into its brief an argument from another case. Marriott appears to take issue with the proximate cause element of this claim, arguing that plaintiffs' damages on their breach of contract and conversion claims cannot also be the same damages the unfair trade practice proximately caused. Marriott is correct that plaintiffs cannot recover twice for the same conduct. "'Where the same source of conduct gives rise to a traditionally recognized cause of action, as, for example, an action for breach of contract, and as well gives rise to a cause of action for violation of G.S. 75-1.1, damages may be recovered either for the breach of contract, or for violation of G.S. 75-1.1, but not for both.'" Blakenship v. Town and Country Ford, Inc., 622 S.E.2d 638, 769 (N.C. App. 2005) (quoting United Labs. v. Kuykendall, 437 S.E.2d 374, 379 (N.C. 1993)). Although plaintiffs may ultimately have to elect

5

between remedies, it is not a basis for dismissal of this claim, where plaintiffs have otherwise sufficiently alleged its elements.

Marriott's motion to dismiss to the extent based on lack of subject matter jurisdiction is DENIED and to the extent based on failure to state a claim it is DENIED IN PART and ALLOWED IN PART. Plaintiffs' claims for defamation and intentional infliction of emotional distress are DISMISSED. Plaintiffs' claims for breach of contract, fraud, conversion, and unfair trade practices remain.

This 1 June 2010.

_____
W. Earl Britt
Senior U.S. District Judge